IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HMI Medical Innovations, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>Black Diamond Therapeutics, Inc.,<br><br>     Defendant. | Civil Action No:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff HMI Medical Innovations, LLC ("HMI") complains and alleges as follows

against Defendant Black Diamond Therapeutics, Inc. ("BDT").

**NATURE OF THE ACTION**

1.  HMI files this action to protect its next generation drug-discovery technologies in

the lead optimization and cell-based assay fields, which are protected by, *inter alia*, U.S. Patent

Nos. 8,431,110 (the "'110 patent"); 9,645,137 (the "'137 patent"); 10,018,619 (the "'619

patent"); 9,795,610 (the "'610 patent"); 9,579,326 (the "'326 patent"); and 8,367,038 (the "'038

patent") (collectively, the "Asserted Patents").

2.  The Asserted Patents disclose and cover, among other technologies, HMI's core

enabling technologies for cell-based assay systems used for targeting drug-resistant mutant

proteins (theramuteins) that arise during the course of cancer treatment and lead-optimization

methods using cell-based assay systems across all disease targets. HMI's technologies are less

prone to false-positive results and are particularly useful for targets previously thought to be

difficult or impossible to target using traditional approaches.

3.      Based on publicly available information, BDT has infringed at least one claim of each of the Asserted Patents.

## PARTIES

4.      Plaintiff HMI is a Michigan limited liability company having a place of business at 16800 West Twelve Mile Rd, Suite 201, Southfield, Michigan, 48076.

5.      On information and belief, Defendant BDT is a Delaware corporation having a place of business at 245 First Street, 18th Floor, Cambridge, Massachusetts, 02142.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338 because it arises under the patent laws of the United States, including 35 U.S.C. § 271.

7.      This Court has personal jurisdiction over BDT because BDT is incorporated in the State of Delaware.

8.      Venue is proper in this District under 28 U.S.C. § 1400(b) because BDT is incorporated in the State of Delaware.

## PATENTS-IN-SUIT

9.      On April 30, 2013, the U.S. Patent and Trademark Office duly and legally issued the '110 patent entitled, "Compounds and method of identifying, synthesizing, optimizing and profiling protein modulators." A true and correct copy of the '110 patent is attached as **Exhibit A**.

10.      The '110 patent describes novel methods of identifying, synthesizing, optimizing and profiling compounds that are inhibitors or activators of proteins, both naturally occurring endogenous proteins as well as certain variant forms of endogenous proteins, and novel methods of identifying such variants.

11.    The '110 patent is valid and enforceable.

12.    HMI is the owner of all right, title, and interest in the '110 patent.

13.    On May 9, 2017, the U.S. Patent and Trademark Office duly and legally issued the '137 patent also entitled, "Compounds and method of identifying, synthesizing, optimizing and profiling protein modulators." A true and correct copy of the '137 patent is attached as **Exhibit B**.

14.    The '137 patent also describes novel methods of identifying, synthesizing, optimizing and profiling compounds that are inhibitors or activators of proteins, both naturally occurring endogenous proteins as well as certain variant forms of endogenous proteins, and novel methods of identifying such variants.

15.    The '137 patent is valid and enforceable.

16.    HMI is the owner of all right, title, and interest in the '137 patent.

17.    On July 10, 2018, the U.S. Patent and Trademark Office duly and legally issued the '619 patent also entitled, "Compounds and method of identifying, synthesizing, optimizing and profiling protein modulators." A true and correct copy of the '619 patent is attached as **Exhibit C**.

18.    The '619 patent also describes novel methods of identifying, synthesizing, optimizing and profiling compounds that are inhibitors or activators of proteins, both naturally occurring endogenous proteins as well as certain variant forms of endogenous proteins, and novel methods of identifying such variants.

19.    The '619 patent is valid and enforceable.

20.    HMI is the owner of all right, title, and interest in the '619 patent.

3

21. On October 24, 2017, the U.S. Patent and Trademark Office duly and legally issued the '610 patent entitled, "Theramutein Modulators." A true and correct copy of the '610 patent is attached as **Exhibit D**.

22. The '610 patent describes methods and novel agents that may be used, among other ways, as research tools, including inhibitors or activators of variant forms of endogenous proteins and novel methods of identifying such variants.

23. The '610 patent is valid and enforceable.

24. HMI is the owner of all right, title, and interest in the '610 patent.

25. On February 28, 2017, the U.S. Patent and Trademark Office duly and legally issued the '326 patent also entitled, "Theramutein Modulators." A true and correct copy of the '326 patent is attached as **Exhibit E**.

26. The '326 patent also describes methods and novel agents that may be used, among other ways, as research tools, including inhibitors or activators of variant forms of endogenous proteins and novel methods of identifying such variants.

27. The '326 patent is valid and enforceable.

28. HMI is the owner of all right, title, and interest in the '326 patent.

29. On February 5, 2013, the U.S. Patent and Trademark Office duly and legally issued the '038 patent also entitled, "Theramutein Modulators." A true and correct copy of the '038 patent is attached as **Exhibit F**.

30. The '038 patent also describes methods and novel agents that may be used, among other ways, as research tools, including inhibitors or activators of variant forms of endogenous proteins and novel methods of identifying such variants.

31. The '038 patent is valid and enforceable.

4

32.     HMI is the owner of all right, title, and interest in the '038 patent.

## FACTUAL BACKGROUND

33.     BDT is a clinical-stage oncology company focused on the development of therapies that address families of oncogenic mutations. BDT claims that its therapies are designed to address broad genetically defined patient populations, overcome resistance, minimize wild-type mediated toxicities, and be brain penetrant to treat CNS disease.

34.     BDT has used the technologies disclosed in the Asserted Patents as, among other things, research tools to facilitate and assist with the identification, research, and development of therapies that address families of oncogenic mutations.

35.     BDT is advancing towards FDA approval for silevertinib, a clinical-stage brain-penetrant fourth-generation epidermal growth factor receptor (EGFR) inhibitor targeting EGFR mutant non-small cell lung cancer (NSCLC) and glioblastoma (GBM).  BDT refers to silevertinib as BDTX-1535.

36.     BDT's pipeline includes BDTX-1535 (silevertinib), BDTX-4933, and BDTX-4876.

37.     BDT has published information concerning its research and development efforts relating to, among other compounds, BDTX-1535 (silevertinib), BDTX-4933, and BDTX-4876.

38.     BDT's publications include:

- WO 2022/170052 entitled, "Quinazoline Derivatives, Pyridopyrimidine Derivatives, Pyrimidopyrimidine Derivatives, and Uses Thereof," attached as **Exhibit G**;

- U.S. Patent No. 11,034,672 entitled, "Tyrosine Kinase Inhibitor Compositions, Methods of Making and Methods of Use," attached as **Exhibit H**;

- Lucas *et al*., "BDTX-1535 is a Fourth Generation MasterKey Inhibitor of a Broad Spectrum of Intrinsic and Acquired Resistance Mutations of EGFR Expressed in NSCLC," ENA 2022, attached as **Exhibit I**;

- Han et al. "Preclinical characterization of a brain penetrant RAF inhibitor, BDTX-4933, targeting oncogenic BRAF Class I/II/III And RAS mutations," presented at AACR Annual Meeting, 2023, Abstract #3415, attached as **Exhibit J**;

- U.S. Patent Publication No. 2024/0317752 entitled, "6-Substituted-9H-Purine Derivatives and Related Uses," attached as **Exhibit K**;

- U.S. Patent Publication No. 2024/0368181 entitled, "Quinoxaline Derivatives and Uses Thereof," attached as **Exhibit L**; and

- WO 2025/137285 entitled, "Alkyne Substituted Quinazoline Derivatives and Uses Thereof," attached as **Exhibit M**.

39.    Based on information and belief, **Exhibits G-M** accurately describe BDT's work, including its research and development efforts relating to, among other compounds, BDTX-1535, BDTX-4933, and BDTX-4876.

40.    BDT has infringed at least one claim of each of the Asserted Patents as evidenced by the claim charts set forth at **Exhibits N-T**.

41.    BDT has had knowledge of the Asserted Patents since at least as early as on or about April 22, 2021, when HMI sent BDT a letter identifying "U.S. Patent Nos. 8,367,038 B2; 8,431,110 B2; and related U.S. and Foreign Counterparts," including specifically each of the Asserted Patents.

42.    Based on information and belief, BDT continues to use the technology disclosed and claimed in the Asserted Patents, including, without limitation, as research tools and for other purposes to facilitate and assist with its ongoing effort to identify, research, and develop therapies that address families of oncogenic mutations.

## COUNT I

*BDT's Direct and/or Indirect Infringement of the '110 Patent
under 35 U.S.C. § 271*

43. HMI repeats, re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 – 42 of this Complaint as if fully set forth herein.

44. BDT's use of the technologies described in one or more of **Exhibits G-M**, including specifically at least **Exhibit M**, infringed at least one claim of the '110 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a). Based on information and belief, BDT continues to infringe the '110 patent.

45. Alternatively, or in addition, and on information and belief, BDT indirectly infringed, and continues to indirectly infringe, at least one claim of the '110 patent by, *inter alia*, actively and knowingly inducing others to infringe or contributorily infringe the technology of the '110 patent, including as described in **Exhibit M**.

46. HMI incorporates by reference **Exhibit T,** to the extent it addresses BDT's infringement of the '110 patent, as if fully set forth herein.

47. On information and belief, BDT's infringing acts will continue unless restrained by this Court.

48. BDT's actions have caused and are continuing to cause harm to HMI, which may not be fully compensable by monetary damages.

49. HMI is entitled to recover damages adequate to compensate HMI for BDT's infringement of the '110 patent.

50. BDT's infringement of the '110 patent has caused and is continuing to cause HMI to suffer irreparable harm, and HMI is entitled to injunctive relief to prevent further infliction of such harm.

## COUNT II

*BDT's Direct and/or Indirect Infringement of the '137 Patent
under 35 U.S.C. § 271*

51.    HMI repeats, re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-50 of this Complaint as if fully set forth herein.

52.    BDT's use of the technologies described in one or more of **Exhibits G-M**, including specifically at least **Exhibits H** and **M**, infringed at least one claim of the '137 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a). Based on information and belief, BDT continues to infringe the '137 patent.

53.    Alternatively, or in addition, and on information and belief, BDT indirectly infringed, and continues to indirectly infringe, at least one claim of the '137 patent by, *inter alia*, actively and knowingly inducing others to infringe or contributorily infringe the technology of the '137 patent, including as described in **Exhibits H** and **M**.

54.    HMI incorporates by reference **Exhibits O** and **T,** to the extent they address BDT's infringement of the '137 patent, as if fully set forth herein.

55.    On information and belief, BDT's infringing acts will continue unless restrained by this Court.

56.    BDT's actions have caused and are continuing to cause harm to HMI, which may not be fully compensable by monetary damages.

57.    HMI is entitled to recover damages adequate to compensate HMI for BDT's infringement of the '137 patent.

58.    BDT's infringement of the '137 patent has caused and is continuing to cause HMI to suffer irreparable harm, and HMI is entitled to injunctive relief to prevent further infliction of such harm.

8

## COUNT III

*BDT's Direct and/or Indirect Infringement of the '619 Patent
under 35 U.S.C. § 271*

59. HMI repeats, re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-58 of this Complaint as if fully set forth herein.

60. BDT's use of the technologies described in **Exhibits G-M** infringed at least one claim of the '619 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a). Based on information and belief, BDT continues to infringe the '619 patent.

61. Alternatively, or in addition, and on information and belief, BDT indirectly infringed, and continues to indirectly infringe, at least one claim of the '619 patent by, *inter alia*, actively and knowingly inducing others to infringe or contributorily infringe the technology of the '619 patent, including as described in **Exhibits G-M**.

62. HMI incorporates by reference **Exhibits N-T,** to the extent they address BDT's infringement of the '619 patent, as if fully set forth herein.

63. On information and belief, BDT's infringing acts will continue unless restrained by this Court.

64. BDT's actions have caused and are continuing to cause harm to HMI, which may not be fully compensable by monetary damages.

65. HMI is entitled to recover damages adequate to compensate HMI for BDT's infringement of the '619 patent.

66. BDT's infringement of the '619 patent has caused and is continuing to cause HMI to suffer irreparable harm, and HMI is entitled to injunctive relief to prevent further infliction of such harm.

## COUNT IV

*BDT's Direct and/or Indirect Infringement of the '610 Patent
under 35 U.S.C. § 271*

67. HMI repeats, re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-66 of this Complaint as if fully set forth herein.

68. BDT's use of the technologies described in one or more of **Exhibits G-M**, including specifically at least **Exhibits G, I,** and **M**, infringed at least one claim of the '610 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a). Based on information and belief, BDT continues to infringe the '610 patent.

69. Alternatively, or in addition, and on information and belief, BDT indirectly infringed, and continues to indirectly infringe, at least one claim of the '610 patent by, *inter alia*, actively and knowingly inducing others to infringe or contributorily infringe the technology of the '610 patent, including as described in **Exhibits G, I** and **M**.

70. HMI incorporates by reference **Exhibits N, P,** and **T,** to extent they address BDT's infringement of the '610 patent, as if fully set forth herein.

71. On information and belief, BDT's infringing acts will continue unless restrained by this Court.

72. BDT's actions have caused and are continuing to cause harm to HMI, which may not be fully compensable by monetary damages.

73. HMI is entitled to recover damages adequate to compensate HMI for BDT's infringement of the '610 patent.

74. BDT's infringement of the '610 patent has caused and is continuing to cause HMI to suffer irreparable harm, and HMI is entitled to injunctive relief to prevent further infliction of such harm.

## COUNT V

*BDT's Direct and/or Indirect Infringement of the '326 Patent
under 35 U.S.C. § 271*

75.     HMI repeats, re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-74 of this Complaint as if fully set forth herein.

76.     BDT's use of the technologies described in one or more of **Exhibits G-M**, including specifically at least **Exhibits G, I** and **M**, infringed at least one claim of the '326 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a). Based on information and belief, BDT continues to infringe the '326 patent.

77.     Alternatively, or in addition, and on information and belief, BDT indirectly infringed, and continues to indirectly infringe, at least one claim of the '326 patent by, *inter alia*, actively and knowingly inducing others to infringe or contributorily infringe the technology of the '326 patent, including as described in **Exhibits G, I,** and **M**.

78.     HMI incorporates by reference **Exhibits N, P,** and **T,** to the extent they address BDT's infringement of the '326 patent, as if fully set forth herein.

79.     On information and belief, BDT's infringing acts will continue unless restrained by this Court.

80.     BDT's actions have caused and are continuing to cause harm to HMI, which may not be fully compensable by monetary damages.

81.     HMI is entitled to recover damages adequate to compensate HMI for BDT's infringement of the '326 patent.

82.     BDT's infringement of the '326 patent has caused and is continuing to cause HMI to suffer irreparable harm, and HMI is entitled to injunctive relief to prevent further infliction of such harm.

11

## COUNT VI

*BDT's Direct and/or Indirect Infringement of the '038 Patent
under 35 U.S.C. § 271*

83.     HMI repeats, re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-82 of this Complaint as if fully set forth herein.

84.     BDT's use of the technologies described in one or more of **Exhibits G-M**, including specifically at least **Exhibits G, I,** and **M**, infringed at least one claim of the '038 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a). Based on information and belief, BDT continues to infringe the '038 patent.

85.     Alternatively, or in addition, and on information and belief, BDT indirectly infringed, and continues to indirectly infringe, at least one claim of the '038 patent by, *inter alia*, actively and knowingly inducing others to infringe or contributorily infringe the technology of the '038 patent, including as described in **Exhibit G, I** and **M**.

86.     HMI incorporates by reference **Exhibits N, P,** and **T,** to the extent they address BDT's infringement of the '038 patent, as if fully set forth herein.

87.     On information and belief, BDT's infringing acts will continue unless restrained by this Court.

88.     BDT's actions have caused and are continuing to cause harm to HMI, which may not be fully compensable by monetary damages.

89.     HMI is entitled to recover damages adequate to compensate HMI for BDT's infringement of the '038 patent.

90.     BDT's infringement of the '038 patent has caused and is continuing to cause HMI to suffer irreparable harm, and HMI is entitled to injunctive relief to prevent further infliction of such harm.

**PRAYER FOR RELIEF**

HMI requests the following relief:

A.     A judgment that BDT has infringed the '110 patent;

B.     A judgment that BDT's infringement of the '110 patent has been willful;

C.     A preliminary and permanent injunction restraining and enjoining BDT, its officers, agents, employees, and those persons in active concert or participation with BDT, from any further infringement of the '110 patent for the full term thereof, including any extensions, pursuant to 35 U.S.C. § 283;

D.     A judgment that HMI be awarded all appropriate damages under 35 U.S.C. § 284 for BDT's past infringement and any continuing or future infringement of the '110 patent, up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

E.     A judgment that BDT has infringed the '137 patent;

F.     A judgment that BDT's infringement of the '137 patent has been willful;

G.     A preliminary and permanent injunction restraining and enjoining BDT, its officers, agents, employees, and those persons in active concert or participation with BDT, from any further infringement of the '137 patent for the full term thereof, including any extensions, pursuant to 35 U.S.C. § 283;

H.     A judgment that HMI be awarded all appropriate damages under 35 U.S.C. § 284 for BDT's past infringement and any continuing or future infringement of the '137 patent, up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

I.     A judgment that BDT has infringed the '619 patent;

J.      A judgment that BDT's infringement of the '619 patent has been willful;

K.      A preliminary and permanent injunction restraining and enjoining BDT, its officers, agents, employees, and those persons in active concert or participation with BDT, from any further infringement of the '619 patent for the full term thereof, including any extensions, pursuant to 35 U.S.C. § 283;

L.      A judgment that HMI be awarded all appropriate damages under 35 U.S.C. § 284 for BDT's past infringement and any continuing or future infringement of the '619 patent, up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

M.      A judgment that BDT has infringed the '610 patent;

N.      A judgment that BDT's infringement of the '610 patent has been willful;

O.      A preliminary and permanent injunction restraining and enjoining BDT, its officers, agents, employees, and those persons in active concert or participation with BDT, from any further infringement of the '610 patent for the full term thereof, including any extensions, pursuant to 35 U.S.C. § 283;

P.      A judgment that HMI be awarded all appropriate damages under 35 U.S.C. § 284 for BDT's past infringement and any continuing or future infringement of the '610 patent, up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

Q.      A judgment that BDT has infringed the '326 patent;

R.      A judgment that BDT's infringement of the '326 patent has been willful;

S.      A preliminary and permanent injunction restraining and enjoining BDT, its officers, agents, employees, and those persons in active concert or participation with BDT,

14

from any further infringement of the '326 patent for the full term thereof, including any extensions, pursuant to 35 U.S.C. § 283;

T.     A judgment that HMI be awarded all appropriate damages under 35 U.S.C. § 284 for BDT's past infringement and any continuing or future infringement of the '326 patent, up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

U.     A judgment that BDT has infringed the '038 patent;

V.     A judgment that BDT's infringement of the '038 patent has been willful;

W.     A preliminary and permanent injunction restraining and enjoining BDT, its officers, agents, employees, and those persons in active concert or participation with BDT, from any further infringement of the '038 patent for the full term thereof, including any extensions, pursuant to 35 U.S.C. § 283;

X.     A judgment that HMI be awarded all appropriate damages under 35 U.S.C. § 284 for BDT's past infringement and any continuing or future infringement of the '038 patent, up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

Y.     An order trebling any and all damages awarded to HMI by reason of BDT's willful infringement pursuant to 35 U.S.C. § 284;

Z.     A judgment that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that HMI be awarded its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes and rules in common law as may apply;

AA.	A judgment that HMI be awarded costs and expenses that it incurs in prosecuting this action; and

BB.	A judgment or award of such other and further relief as this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

HMI respectfully demands a jury trial on all claims and issues so triable under Federal Rule of Civil Procedure 38(b) and D. Del. LR 38.1.

Dated: April 14, 2026

OF COUNSEL:

Jan M. Conlin
Melissa A. Goodman
Ciresi Conlin LLP
225 South Sixth Street
Suite 4000
Minneapolis MN 55402
JMC@ciresiconlin.com
MAG@ciresiconlin.com

Samuel T. Lockner
Iain A. McIntyre
Katherine Chen
Carlson Caspers
225 South Sixth Street
Suite 4200
Minneapolis MN 55402
slockner@carlsoncaspers.com
imcintyre@carlsoncaspers.com
kchen@carlsoncaspers.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff*
*HMI Medical Innovations, LLC*

16